SCHOOL DISTRICT NO. 50, WASHITA COUNTY, et al. v. KEEN, Dist. Judge, et al.

No. 30818. Feb. 16, 1943.

*136 P. 2d 394.*

A. E. Darnell, of Clinton, for petitioners.

Thos. Hudgens, of Weatherford, for respondents.

BAYLESS, J. This is an original proceedings in this court, initiated by school district No. 50, Washita county, and certain patrons thereof, by the filing of a petition for a writ of certiorari to inquire into the jurisdiction of Frank Parman, county superintendent of Washita county, on petition therefor, and W. P. Keen, judge of the district court of that county, on appeal, to order the annexation of certain territory of said district No. 50 to another district.

At the time the petition to change school boundaries was filed with the county superintendent, said district No. 50 comprised the following lands located in township 11 north, range 14

west, I. B. & M., Washita county: The south half of the sections 7, 8, and 9; the southwest quarter of section 10; the west half of section 15; all of sections 16, 17, and 18; the north half of section 19; the north half and the southeast quarter of section 20; all of section 21; the west half and the northeast quarter of section 22; the west half of section 27; all of section 28; and the northeast quarter of section 29.

The school building of this district was located on one acre of land owned by the district in the northeast corner of the west half of section 21.

The land sought to be detached from said district and annexed to another district according to the prayer for a change of boundaries is described as: The south half of section 16; the south half of the southwest quarter of section 17; all that part of section 20 in the district; the west half of section 21 "(exclusive of the school site)"; the southwest quarter of section 22; and all that part of sections 27, 28, and 29 in the district.

It was contended at the hearing before the county superintendent, and before the district court on appeal, and here, that the county superintendent was asked to do, and did, what the law denies him the power to do. The law referred to, 70 O. S. 1941 § 890.4, reads in part:

". . . No territory having a school building or buildings thereon shall be annexed to another district unless the whole district, or all of the several parts thereof, embracing such territory is annexed to a district or districts. . . ."

Petitioner argues that "territory having a school building or buildings thereon" comprehends more land than simply the land whereon the structure of the school building or buildings rest, and comprehends more land than that owned or used by the school district for school building and related activities. On the other hand, it is argued that the phrase quoted has a restricted meaning that is limited to the school site or grounds. Neither party cites decisions or rulings that deal with this issue, and we have found none.

We see nothing in the language quoted above that serves as a criterion by which to measure "territory having a school building or buildings thereon" according to the contention of petitioners.

The one-acre tract on which the school building is located is in the northeast corner of the northwest quarter. It touches the section line running east and west along the north side of the section. It touches territory left in the district on the east.

It seems to us that the simplest and most plausible meaning of the language is that, in detaching territory from a district, the territory, or grounds, or site whereon the school building or buildings are located may not be annexed to another district, so as to leave the district without a school building or buildings unless that part or parts of the district left without a school building or buildings are provided with a building or buildings by annexation to another district or districts having such facility.

In this instance the county superintendent was asked to leave in district No. 50 the one-acre tract whereon the school building was located, and he was not asked to annex the territory or grounds or site containing the school building to another district. Thus he was not asked to exceed his jurisdiction, and the order he entered was within his jurisdiction.

The writ is denied.

CORN, C. J., GIBSON, V. C. J., and RILEY, WELCH, HURST, DAVISON, and ARNOLD, JJ., concur. OSBORN, J., dissents.